1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                               AT SEATTLE

8  BRUCE W. HENDERSON,

9          Plaintiff,
                                          NO.  C07-2039JLR
10      v.
                                          ORDER DENYING REMAND
11  NATIONSTAR MORTGAGE COMPANY,
    LLC,
12
           Defendants.
13

14

15      This matter comes before the court on Plaintiff's Motion for Remand (Dkt. # 9).

16  Having reviewed the motion together with all documents filed in support and in opposition,

17  the court DENIES Plaintiff's motion.

18                              **I.  BACKGROUND**

19      This action stems from a refinanced loan Plaintiff acquired from Defendant.  Plaintiff

20  initially brought this action in King County Superior Court on November 27, 2007.  On

21  December 27, 2007, Defendant filed a notice of removal with this court, alleging that removal

22  is proper under 28 U.S.C. §§ 1332, 1441.

23      Plaintiff now seeks an order remanding the case to King County Superior Court.

24  Plaintiff argues this court lacks removal jurisdiction because the amount in controversy is less

25

26  ORDER DENYING REMAND - 1

than $75,000. Mot. at 1. In addition, Plaintiff seeks fees and costs incurred as a result of removal. Defendant argues jurisdiction is proper because the amount in controversy is approximately $350,000, the value of the amount owed on Plaintiff's loan. Resp. at 2 (Dkt. # 12).

## II.  ANALYSIS

### A.   Legal Standard

In order to establish that removal based on diversity jurisdiction is proper, Defendant must prove that the amount in controversy exceeds $75,000 and that the parties have diverse citizenship. 28 U.S.C. § 1332. Here, the parties agree they have diverse citizenship. Thus, the only jurisdictional issue is whether the amount in controversy is greater than $75,000. On a motion to remand, the defendant bears the burden of establishing, by a preponderance of the evidence, that removal is proper in light of the strong presumption against removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *Sanchez v. Monumental Life Ins. Co.*, 402 F.3d 398, 403–4 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### B.   Amount in Controversy

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn*, 281 F.3d at 840 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of this litigation is a loan between Plaintiff and Defendant, secured by a mortgage and a deed of trust, with a sum owed of $349,221.80.[1] *See* Graham Decl. (Dkt. # 2), Ex. B. Plaintiff's complaint seeks injunctive relief and rescission of the loan, in addition to monetary damages. One of the main purposes of this lawsuit is to prevent Defendant from going

---

[1] The amount owed on the loan is undisputed.

ORDER DENYING REMAND - 2

forward with a non-judicial foreclosure sale of the property at issue. *See id.*, Ex. A at 8. To that end, Plaintiff has filed a motion for a preliminary injunction to restrain Defendant from "foreclosing the mortgage and selling his home." Mot. for Prelim. Inj. at 1 (Dkt. # 14). Therefore, the amount in controversy is equal to the amount owed on the loan, which is greater than $75,000. *See Cohn*, 281 F.3d at 840; *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (1973).

Defendant asserts that *Garfinkle* is "inapposite and obsolete" because it pertains to the pre-1980 version of 28 U.S.C. § 1331, while the present dispute centers on 28 U.S.C. § 1332. However, *Garfinkle* is applicable because (1) of the factual similarities to the present matter[2] and (2) the pre-1980 version of Section 1331 had an amount in controversy requirement similar to the current version of Section 1332. *Compare* 28 U.S.C. § 1331 (1976), *amended by* 28 U.S.C. § 1331, Pub.L. 96-486, § 2(a), 94 Stat. 2369 (1980), *with* 28 U.S.C. § 1332 (2000). Thus, the *Garfinkle* court's holding is applicable and the amount Plaintiff owes on the loan shall be included in the amount in controversy.

The court finds that Defendant has carried its burden of establishing, by a preponderance of the evidence, that the amount in controversy is greater than $75,000 because (1) the object of this litigation is a loan with an amount owing of approximately $350,000, (2) a central purpose of this lawsuit is to prevent a trustee sale of property, currently scheduled for February 8, 2008, worth more than $75,000, and (3) if the trustee sale occurs, Plaintiff will suffer a loss greater than $75,000.

---

[2] Mr. Garfinkle sought to enjoin his lender from selling his family residence, after the lender filed a notice of default. *See Garfinkle*, 483 F.2d at 1076. The central jurisdictional issue was whether the lender's outstanding interest in the property could be included in the value of the amount in controversy. *See id.*

ORDER DENYING REMAND - 3

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's Motion to Remand (Dkt. # 9).

Dated this 31st day of January, 2008.

JAMES L. ROBART
United States District Judge

ORDER DENYING REMAND - 4